MEGHANN A. TRIPLETT (SBN 268005)
Meghann@MarguliesFaithLaw.com
SAMUEL M. BOYAMIAN (SBN 316877)
Samuel@MarguliesFaithLaw.com
**MARGULIES FAITH, LLP**
16030 Ventura Blvd., Suite 470
Encino, California 91436
Telephone: (818) 705-2777
Facsimile: (818) 705-3777

Attorneys for Jeremy W. Faith, Chapter 11 Plan Fiduciary

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | Case No.: 1:22-bk-11181-MB |
| NATIONAL ASSOCIATION OF TELEVISION PROGRAM EXECUTIVES, INC., | Chapter 11 (Subchapter V) |
| | Adv. No.: 1:24-ap-01053-MB |
| Debtor. | |
| JEREMY W. FAITH, Chapter 11 Plan Fiduciary, | **PLAINTIFF'S UNILATERAL STATUS REPORT** |
| Plaintiff, | **Status Conference:** |
| v. | Date:  April 16, 2025
Time:  1:30 p.m. |
| RICHARD B. LIPPIN, an individual, | Place: U.S. Bankruptcy Court
Courtroom 303
21041 Burbank Boulevard
Woodland Hills, CA 91367 |
| Defendant. | |

**A.    PLEADINGS/SERVICE**

1.  Have all parties been served with the complaint/counterclaim/cross-claim, etc. (Claims documents)?  **No**

2.  Have all parties filed and served answers to the Claims Documents?  **No**

3.  Have all motions addressed to the Claims Documents been resolved?  **No**

4.  Have counsel met and conferred in compliance with LBR 7026-1?  **No**

5.  If your answer to any of the four preceding questions is anything <u>other</u> than an unqualified "YES", please explain:  **See Section G Below.**

**B.    READINESS FOR TRIAL**

1. When will you be ready for trial in this case?  **Unknown.**

2. If your answer to the above is more than 4 months after the summons issued in this case, give reasons for further delay.  **Unknown.**

3. When do you expect to complete your discovery efforts?  **Unknown.**

4. What additional discovery do you require to prepare for trial?  **Unknown.**

**C.    TRIAL TIME**

1. What is your estimate of the time required to present your side of the case at trial (including rebuttal stage of applicable)?  **Unknown.**

2. How many witnesses do you intend to call at trial (including opposing parties)?  **Unknown.**

3. How many exhibits do you anticipate using at trial?  **Unknown.**

**D.    PRETRIAL CONFERENCE**

A pretrial conference is <u>not</u> requested for the following reason:  **See Section G.**

**E.    SETTLEMENT**

1. What is the status of settlement efforts?  **N/A**

2. Has this dispute been formally mediated?  **No**

3. Do you want this matter sent to mediation at this time?  **No**

**F.    FINAL JUDGMENT/ORDER**:

Any party who contests the bankruptcy court's authority to enter a final judgment and/or order in this adversary proceeding must raise its objection below.  Failure to select either box below may be deemed consent.  **Plaintiff consents. Defendant has not responded to the Complaint.**

///

///

///

///

///

2

**G.    ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL**:

On October 11, 2022, National Association of Television Program Executives, Inc., debtor and debtor-in-possession ("Debtor"), filed a chapter 11 petition, initiating the above-captioned bankruptcy case.

On September 17, 2024, Jeremy W. Faith ("Plaintiff") was appointed as the Chapter 11 Plan Fiduciary for the Debtor's estate pursuant to the *Order Confirming Second Amended Subchapter V Chapter 11 Plan*. Upon his appointment Plaintiff retained special litigation counsel and immediately began investigating potential claims, including but not limited to avoidance action claims against the Debtor's insiders defendant Richard Lippin ("Defendant" or "Mr. Lippin") and his public relations firm the Lippin Group, Inc., former CEO/President JP Bommel, its general counsel Arnold Peter, dba the Peter Law Group (the "Insiders"), as well as claims for breach of fiduciary duty against the Insiders. The Debtor has a Directors and Officers insurance policy with Navigators Insurance Co. ("Navigators") which Plaintiff believes could provide coverage of the claims against the Insiders. Notably, Plaintiff's ability to pursue certain claims against the Insiders is limited to recovery from the insurance policy.

Plaintiff has continued investigating the nature and scope of the claims, against the Insiders. Although the currently available books, records, and electronically stored information have been (and continue to be) thoroughly reviewed by the Trustee and his professionals, they were in many respects poorly maintained and inaccurate, and the information regarding internal communications and corporate governance is sparce and Plaintiff is presently awaiting outstanding document requests from Mr. Bommel and Mr. Peter for documents that are property of the Debtor and that Plaintiff is entitled to.

On October 11, 2024, Plaintiff filed this adversary proceeding against Mr. Lippin, individually and his company the Lippin Group, Inc. ("Lippin Group") (the "Lippin Complaint"). Plaintiff also filed a related complaint against NATPE's Insiders Jean Pierre Bommel, Arnold P. Peter. *See Faith v. Bommel, et al*., Case No. 1:24-ap-01055-MB (Bankr. C.D. Cal. 2024) (the "Bommel/Peter Complaint," and together with the Lippin

3

complaint, the "Complaints").

Following the filing of the Complaints, Plaintiff tendered an insurance coverage demand to Navigators, requesting *inter alia* coverage for the claims in the Complaints under the applicable Directors and Officers liability coverage provisions of the policy.

On November 27, 2024, Plaintiff filed a *Notice of Voluntary Dismissal of Plaintiff's claims against the Lippin Group, Only* (Adv. Dkt. No. 5). Plaintiff's dismissal of the Lippin Group was mandated by limitations on the Plan Fiduciary's ability to bring certain claims, including, that "[n]o claims shall be brought against The Lippin Group related to services it performed for NATPE or to payments it received from NATPE" as set forth in the Proposal for Plan Fiduciary attached as Exhibit "D" to the Debtor's Amended Plan (Bk. Dkt. No. 251). There is no limitation on Plaintiff's ability to pursue claims against Mr. Lippin individually.

Since the filing of the Complaints, Plaintiff has reviewed additional evidence that strongly indicates that Mr. Lippin breached his fiduciary duties (as defined by Delaware law and NATPE's bylaws) owed to the Debtor as a director and board member and Plaintiff intends to file a first amended complaint against Mr. Lippin to include such claims and anticipates filing his amended complaint within the next 45 days.

On December 31, 2024, through its counsel, Navigators requested an extension until January 31, 2025, to respond to Plaintiff's Coverage Demand for the Complaints and Plaintiff consented to the requested extension. Thereafter, Navigators requested a second extension of time to respond to February 14, 2025, which Plaintiff also consented to. On or about February 14, 2025, Plaintiff received a response letter from Navigators denying Plaintiff's request for coverage (the "Denial Letter"). In the Denial Letter, Navigators' counsel made certain assumptions regarding the policy's reporting provisions and the claims at issue in the Complaints that Plaintiff disputes, and Plaintiff is in the process of challenging the Denial Letter, including but not limited to consulting with insurance counsel and is considering bringing an action against Navigators for breach of the insurance agreement, among other things.

Based on the foregoing, Plaintiff respectfully requests that the status conference hearing in this matter be continued for approximately 90 days to allow for the Trustee to resolve the insurance issues in the Adversary and to file an amended complaint against Mr. Lippin.

DATED: April 9, 2025  　　　　　　　　　　**MARGULIES FAITH, LLP**

　　　　　　　　　　　　　　　　　　　　By: */s/ Meghann A. Triplett*
　　　　　　　　　　　　　　　　　　　　　　　Meghann A. Triplett
　　　　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　　　　Jeremy W. Faith, Chapter 11 Plan Fiduciary

**DECLARATION OF MEGHANN A. TRIPLETT**

I, Meghann A. Triplett, declare as follows:

1. I am an attorney licensed to practice before all courts of the State of California and before the United States District Court for the Central District of California. I am an attorney at the law firm of Margulies Faith, LLP, and am one of the attorneys responsible for the representation of Jeremy W. Faith, Chapter 11 Plan Fiduciary for National Association of Television Program Executives, Inc. ("NATPE" or "Debtor") and Plaintiff herein ("Plaintiff").

2. I make this Declaration in support of the Plaintiff's unilateral status report, to which this declaration is attached.

3. As reflected on the bankruptcy court docket, on October 11, 2022, National Association of Television Program Executives, Inc., debtor and debtor-in-possession ("Debtor"), filed a chapter 11 petition, initiating the above-captioned bankruptcy case.

4. On September 17, 2024, Jeremy W. Faith ("Plaintiff") was appointed as the Chapter 11 Plan Fiduciary for the Debtor's estate pursuant to the *Order Confirming Second Amended Subchapter V Chapter 11 Plan*. Upon his appointment Plaintiff retained special litigation counsel and immediately began investigating potential claims, including but not limited to avoidance action claims against the Debtor's insiders defendant Richard Lippin ("Defendant" or "Mr. Lippin") and his public relations firm the Lippin Group, Inc., former CEO/President JP Bommel, its general counsel Arnold Peter, dba the Peter Law Group (the "Insiders"), as well as claims for breach of fiduciary duty against the Insiders. The Debtor has a Directors and Officers insurance policy with Navigators Insurance Co. ("Navigators") which Plaintiff believes could provide coverage of the claims against the Insiders. Notably, Plaintiff's ability to pursue certain claims against the Insiders is limited to recovery from the insurance policy.

5. Plaintiff has continued investigating the nature and scope of the claims, against the Insiders. Although the currently available books, records, and electronically stored information have been (and continue to be) thoroughly reviewed by the Trustee

and his professionals, they were in many respects poorly maintained and inaccurate, and the information regarding internal communications and corporate governance is sparce and Plaintiff is presently awaiting outstanding document requests from Mr. Bommel and Mr. Peter for documents that are property of the Debtor and that Plaintiff is entitled to.

6. On October 11, 2024, Plaintiff filed this adversary proceeding against Mr. Lippin, individually and his company the Lippin Group, Inc. ("Lippin Group") (the "Lippin Complaint"). Plaintiff also filed a related complaint against NATPE's Insiders Jean Pierre Bommel, Arnold P. Peter. See Faith v. Bommel, et al., Case No. 1:24-ap-01055-MB (Bankr. C.D. Cal. 2024) (the "Bommel/Peter Complaint," and together with the Lippin complaint, the "Complaints").

7. Following the filing of the Complaints, Plaintiff tendered an insurance coverage demand to Navigators, requesting *inter alia* coverage for the claims in the Complaints under the applicable Directors and Officers liability coverage provisions of the policy.

8. On November 27, 2024, Plaintiff filed a Notice of Voluntary Dismissal of Plaintiff's claims against the Lippin Group, Only (Adv. Dkt. No. 5). Plaintiff's dismissal of the Lippin Group was mandated by limitations on the Plan Fiduciary's ability to bring certain claims, including, that "[n]o claims shall be brought against The Lippin Group related to services it performed for NATPE or to payments it received from NATPE" as set forth in the Proposal for Plan Fiduciary attached as Exhibit "D" to the Debtor's Amended Plan (Bk. Dkt. No. 251). There is no limitation on Plaintiff's ability to pursue claims against Mr. Lippin individually.

9. Since the filing of the Complaints, Plaintiff has reviewed additional evidence that strongly indicates that Mr. Lippin breached his fiduciary duties (as defined by Delaware law and NATPE's bylaws) owed to the Debtor as a director and board member and Plaintiff intends to file a first amended complaint against Mr. Lippin to include such claims and anticipates filing his amended complaint within the next 45 days.

/ / /

10. On December 31, 2024, through its counsel, Navigators requested an extension until January 31, 2025 to respond to Plaintiff's Coverage Demand for the Complaints and Plaintiff consented to the requested extension. Thereafter, Navigators requested a second extension of time to respond to February 14, 2025 which Plaintiff also consented to. On or about February 14, 2025, Plaintiff received a response letter from Navigators denying Plaintiff's request for coverage (the "Denial Letter"). In the Denial Letter, Navigators' counsel made certain assumptions regarding the policy's reporting provisions and the claims at issue in the Complaints that Plaintiff disputes, and Plaintiff is in the process of challenging the Denial Letter, including but not limited to consulting with insurance counsel and is considering bringing an action against Navigators for breach of the insurance agreement, among other things.

11. Based on the foregoing, Plaintiff respectfully requests that the status conference hearing in this matter be continued for approximately 90 days to allow for the Trustee to resolve the insurance issues in the Adversary and to file an amended complaint against Mr. Lippin.

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct, and that this Declaration was executed on April 9, 2025, at San Luis Obispo, California.

*/s/ Meghann A. Triplett*
Meghann A. Triplett

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the documents entitled **PLAINTIFF'S UNILATERAL STATUS REPORT; DECLARATION OF MEGHANN A. TRIPLETT IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 9, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Samuel Mushegh Boyamian on behalf of Plaintiff Jeremy W. Faith, Chapter 11 Plan Fiduciary**
samuel@marguliesfaithlaw.com, Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com

**John-Patrick McGinnis Fritz (TR)**
jpftrustee@lnbyg.com, jpf@trustesolutions.net

**Jonathan Serrano on behalf of Interested Party Courtesy NEF**
Jonathan@MarguliesFaithLaw.com, vicky@marguliesfaithlaw.com;angela@marguliesfaithlaw.com;amber@marguliesfaithlaw.com

**Meghann A Triplett on behalf of Plaintiff Jeremy W. Faith, Chapter 11 Plan Fiduciary**
Meghann@MarguliesFaithlaw.com, Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com

**United States Trustee (SV)**
ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **April 9, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE'S COPY:** Service on Judge not required per Judge Barash's Procedures re: Serving Judge's Copy of Documents (Rev. 1/8/24).

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 9, 2025 | Vicky Castrellon | /s/ Vicky Castrellon |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**